UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALPHA MCQUEEN,

                **Petitioner,**

v.                                         **Civil Action No.**
                                            **9:08-CV-0903 (GLS/GHL)**

DEBORAH SHULT,

                **Respondent.**

**APPEARANCES:**

**ALPHA MCQUEEN, 13619-014**
Petitioner *Pro Se*
N.E.O.C.C.
2240 Hubbard Road
Youngstown, Ohio 44505-3157

**GEORGE H. LOWE**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT AND RECOMMENDATION

      This action has been referred to the undersigned for initial review by the Honorable Gary L. Sharpe, United States District Judge, pursuant to 28 U.S.C. section 636(b)(1)(B) and Local Rules N.D.N.Y. 72.3(c).

      Petitioner Alpha McQueen petitions under 28 U.S.C. section 2241 for a writ of habeas corpus. (Dkt. No. 1.) He also moves for injunctive relief barring his transfer from FCI Ray Brook until a decision is issued on his habeas petition. (Dkt. No. 2.) Because I find that the petition challenges the imposition of Petitioner's sentence and that it is plain from the petition that Petitioner cannot demonstrate that a remedy under 28 U.S.C. section 2255 would be inadequate or ineffective to test the legality of his detention, I recommend that the petition be

dismissed for lack of jurisdiction and the motion for injunctive relief be denied as moot.

**I.     Background**

Petitioner was convicted in the United States District Court for the District of Connecticut on September 12, 2001, after a jury found him guilty of conspiracy to distribute marijuana (21 U.S.C. § 846) and use of a firearm during a drug trafficking crime (18 U.S.C. § 924(c)(1)).  (Dkt. No. 1 at 1.)  Petitioner was sentenced to 157 months of imprisonment.  *Id.*

Petitioner appealed, arguing that the trial court abused its discretion when it (1) found that Petitioner voluntarily waived his *Miranda* rights and denied a pre-trial motion to suppress; (2) permitted the government to introduce witnesses' statements regarding Petitioner's uncharged prior criminal conduct; and (3) at sentencing incorrectly attributed a co-conspirator's restraint of a witness to Petitioner for purposes of increasing Petitioner's base offense level pursuant to the United States Sentencing Guidelines.  *United States v. McQueen*, 54 Fed. App'x 28 (2d Cir. 2003).  The Second Circuit affirmed the judgment of the trial court.  *Id*.  The United States Supreme Court denied Petitioner's petition for writ of certiorari on May 19, 2003.  *McQueen v. United States*, 538 U.S. 1046 (2003).

On May 12, 2004, Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in the sentencing court.  *McQueen v. United States*, No. 3:04-CV-0792-AVC (D. Conn. 2004).  Petitioner argued that (1) he received ineffective assistance of counsel at trial; (2) there was insufficient evidence to support his conviction; and (3) his sentencing violated the Sixth Amendment as explained in *Blakely v. Washington*, 542 U.S. 296 (2004).  The sentencing court denied the motion.  The sentencing court found that trial counsel was effective, that Petitioner's claim regarding the insufficiency of the evidence was procedurally

2

barred by his failure to raise it on direct appeal and was also without merit, and that *Blakely* did not apply retroactively to cases on collateral review. On July 20, 2005, the sentencing court denied Petitioner's motion for a certificate of appealability.

Petitioner filed a petition for writ of habeas corpus and a motion for injunctive relief in this Court on August 21, 2008. (Dkt. Nos. 1 and 2.) In the petition, Petitioner stated that he was confined at FCI Ray Brook. The next day, Petitioner filed a notice of change of address dated August 19, 2008, stating that due to a "recent transfer," he was now confined at a prison in Ohio. (Dkt. No. 3.) On August 22, 2008, this Court directed Petitioner to either pay the filing fee or submit an application to proceed *in forma pauperis*. (Dkt. No. 4.) On September 10, 2008, Petitioner paid the filing fee.

Petitioner argues that the sentencing court violated his constitutional rights by (1) charging the jury with instructions on aiding and abetting, a charge that did not appear in the indictment; and (2) sentencing Petitioner for a crime of which he had been acquitted.

**II.   Analysis**

Two statutes provide mechanisms for a federal prisoner to challenge his detention: 28 U.S.C. section 2241 and 28 U.S.C. section 2255. Actions under section 2255 challenge the *imposition* of a federal sentence. Section 2255 is thus the proper procedural mechanism for a federal prisoner who alleges that his sentence was unconstitutionally or illegally imposed, entered by a court without jurisdiction to impose the sentence, exceeded the maximum detention authorized by law, or is otherwise subject to collateral attack. *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (*"Adams II"*). Petitions under section 2255 must be filed with the court that imposed the sentence. 28 U.S.C. § 2255 (2006).

3

Section 2241 permits federal prisoners to challenge the *execution* of a sentence, including the computation of the sentence by parole officers, disciplinary actions imposed by prison officials, the conditions of the facility in which the prisoner is housed, and parole decisions. *Cook,* 321 F.3d at 278; *Guerra v. United States*, No. 07-CV-346, 2007 WL 1176027, at *1 (N.D.N.Y. Apr. 19, 2007)(Scullin, S.J.). A federal prisoner may also challenge the validity of his conviction under section 2241, but only in the rare circumstances where he can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. *See Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Guerra*, 2007 WL 1176027, at *1. This so-called "savings clause" applies only where a federal prisoner can prove actual innocence on the face of the existing record and show that the claim could not have been raised earlier. *Cephas*, 328 F.3d at 104 (citing *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997)). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a) (2006); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

Petitioner purports to move pursuant to 28 U.S.C. section 2241. The fact that Petitioner has invoked section 2241 does not require the Court to so construe it. Rather, "'it is the substance of the petition, rather than its form, that' governs." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)(quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)).

Petitioner likely labeled his petition as a section 2241 petition rather than a section 2255 motion in order to avoid the gate-keeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a prisoner filing a second or

successive section 2255 motion must, before proceeding in district court, receive certification from the appropriate court of appeals that the petition contains (1) newly discovered evidence that would be sufficient to prove by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense for which he was convicted; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court. 28 U.S.C. § 2255(h) (2007). A petition is second or successive "if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004).

Here, Petitioner has already challenged his conviction through a section 2255 motion filed in the sentencing court. That motion was adjudicated on the merits. Thus, the current petition, if construed as a section 2255 motion, would be a second or successive petition.

When a petitioner files a section 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits ... the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams II*, 372 F.3d at 136.

Here, treating the petition as a second or successive section 2255 petition and transferring it to the Second Circuit would be inefficient. Nothing in the petition indicates that Petitioner could satisfy either of the prerequisites for receiving permission to file a second or

5

successive petition, i.e., that the petition is supported by newly discovered evidence or a new rule of constitutional law. The Court notes that, even if the Second Circuit were to certify a second or successive section 2255 petition, this Court would lack jurisdiction to entertain that petition. A petitioner must file such a petition in the sentencing court. *See* 28 U.S.C. § 2255. Petitioner was not sentenced in this Court: he was sentenced in the District of Connecticut.

Because transfer is inappropriate, this Court will construe the petition as written, as a petition under section 2241. Petitioner argues that his sentence was unconstitutionally imposed. This is a challenge to the imposition of his sentence rather than to the execution of his sentence. As such, Petitioner can be raise his argument through a petition under section 2241 only by showing that a remedy under section 2255 is inadequate or ineffective, that he is actually innocent, and that the claim could not have been raised earlier. *Cephas v. Nash*, 328 F.3d at 104. It is plain that Petitioner can not make this showing.

Petitioner cannot demonstrate that a remedy under section 2255 would be inadequate or ineffective to test the legality of his detention. The Second Circuit has held that a remedy under section 2255 is not inadequate or ineffective "simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams II*, 372 F.3d at 135. There is nothing in the record to indicate that Petitioner's argument concerning the jury charge and the sentence imposed was unavailable to him on direct appeal or in his prior section 2255 petition.

Petitioner makes no claim of actual innocence, which is generally required to establish that a motion under section 2255 would be inadequate or ineffective to test the legality of his

6

detention. *See Bellomo v. United States*, 344 F.Supp.2d 429, 434 (S.D.N.Y.2004) (*citing Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir.2003)).

The petition should therefore be dismissed[1]. Petitioner "cannot demonstrate that a § 2255 motion would be inadequate or ineffective to test the legality of his present detention because the petition does not raise a serious constitutional question and the issues raised in the instant petition could have been raised ... in an earlier motion under § 2255." *Bostic v. Williamson*, No. 04-CV-0769E, 2004 WL 2271386, at *4 (W.D.N.Y. Sept. 30, 2004); *Gordon v. Craig*, 05-CV-0730, 2005 WL 1719763, at *2 (N.D.N.Y. July 22, 2005) ("While it unclear whether Gordon raised the present claims in a § 2255 motion, it appears he could have raised them. He cannot not [sic] now resort to § 2241 merely to save his claims, which are now most likely time-barred."); *Joost v. Apker*, 476 F. Supp. 2d 284, 291 (S.D.N.Y.2007) (dismissing § 2241 petition because petitioner did "not assert any claim of actual innocence or any other reason why the failure of collateral review on his stated grounds would raise a serious constitutional question ... [and] provide[d] no reason why he could not have asserted his present argument in his earlier § 2255 motion ....).

**WHEREFORE,** is hereby

**RECOMMENDED**, that the petition (Dkt. No. 1) be dismissed for lack of jurisdiction; and it is further

**RECOMMENDED**, that the motion for injunctive relief (Dkt. No. 2) be denied as

---

[1] Even if this Court had subject matter jurisdiction, it is not clear that venue in this District would be appropriate. Petitioner had been transferred to a facility in Ohio by the time the petition was filed. (Dkt. No. 3.)

moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 29, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge